# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Eric R. Fish
direct dial: 212.589.4647
efish@bakerlaw.com

March 9, 2017

**VIA ECF**

Honorable Joel Schneider, U.S.M.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey  08101

Re:     *Melville v. Spark Energy, Inc., et al.*
        *Case No. 1:15-cv-08706-RBK-JS*

Dear Judge Schneider:

We represent Defendants Spark Energy Inc. and Spark Energy Gas, LLC ("Spark").  We were hopeful that the February 28, 2017 letters to Your Honor regarding the few remaining discovery disputes were sufficient for our discussion on March 10, 2017, but we are compelled to respond to Plaintiff's arguments in light of counsel's letter of March 8, 2017 (ECF No. 33).

Plaintiff's arguments regarding nationwide discovery based solely on the filing of the Amended Complaint on February 15, 2017 lack merit.  Plaintiff contends that the allegation in the recently filed Amended Complaint seeking a nationwide class, without further analysis or explanation, justifies nationwide discovery.  Spark disagrees and is currently in the process of preparing a response to the Amended Complaint, which will substantively address the defects in the Amended Complaint and will move to strike and/or dismiss Plaintiff's alleged class definition. While the authority and basis for this position will be briefed in detail in Spark's response, the nationwide discovery that Plaintiff seeks through this New Jersey-based case is unwarranted because Plaintiff has not demonstrated Article III standing to assert claims on behalf of unnamed class members in other states.  Further, none of the other allegations in the Amended Complaint provide a basis or otherwise justify a nationwide class.  In fact, the Amended Complaint is replete with the same allegations in the original complaint that sought a class of New Jersey customers.  Consequently, it clear that the few new allegations in the Amended Complaint— which are not supported by new facts or named class representatives outside of New Jersey— were pleaded for the sole purpose of conducting a burdensome fishing expedition during discovery.

Honorable Joel Schneider, U.S.M.J.
March 9, 2017
Page 2

Plaintiff also ignores the discussions we had at the Rule 16 conference on January 19, 2017, during which Your Honor expressly directed that nationwide discovery was "off the table" for purposes of the February 28 discovery dispute deadline. Plaintiff now cites a number of cases regarding the scope of discovery and argues that Spark is requesting a "partial stay," but as discussed during the Rule 16 conference, the issue of nationwide discovery is premature and not yet a part of the case. "[A] plaintiff must successfully plead a claim before obtaining discovery, not the other way around. Such a premature request for discovery conflicts with Rules 8 and 11(b) of the Federal Rules of Civil Procedure." *Becker v. Smith & Nephew, Inc.*, No. CIV. 15-2538 WHW CLW, 2015 WL 4647982, at *3 (D.N.J. Aug. 5, 2015); *accord Desai v. Sorin CRM USA, Inc.*, CIV. 12-2995, 2013 WL 163298, at *7 (D.N.J. Jan. 15, 2013). It is yet to be determined whether Plaintiff has successfully pleaded a nationwide class, so Plaintiff should not be able to obtain nationwide discovery.[1]

Further, Plaintiff's arguments regarding the urgency of production deadlines based on the allegations of the Amended Complaint are disingenuous. Plaintiff filed the initial complaint on December 17, 2015 (ECF No. 1). Because the Amended Complaint adds no new facts or plaintiffs, any allegations therein could have been made in the original complaint. Moreover, Plaintiff could have amended or sought leave to amend the complaint at any time since then. Instead, Plaintiff waited until February 15, 2017—more than a year after he filed his original complaint, three months after the Court's ruling on Spark's Motion to Dismiss, and almost a month after the parties exchanged written discovery responses and attended the Rule 16 conference—to assert a nationwide class. We did not even know of the intention to file an Amended Complaint until the Rule 16 conference. Accordingly, any delay in Plaintiff's efforts to obtain nationwide discovery (which should be precluded in any event) is due to Plaintiff, not Spark, and should not be permitted at this late date.

Plaintiff states that Spark has not supplemented its production since the conference in January, but Plaintiff could not reasonably expect Spark to immediately begin producing documents without meeting and conferring or to subject itself to the burden of nationwide discovery upon the mere suggestion by counsel at the Rule 16 conference the complaint would be amended. Plaintiff also did nothing to initiate the meet and confer process. After not hearing from Plaintiff for weeks after the Rule 16 conference, defense counsel reached out to Plaintiff on February 17, 2017 (just after the filing of the Amended Complaint) in an effort to begin the meet and confer process. We do not fault Plaintiff for the lapse of time, as we understand counsel was in trial and busy with other matters. But it is unfair for Plaintiff to now blame Spark for any delay in producing documents prior to completing the meet and confer process. Nevertheless, Spark is producing supplemental documents and will continue its rolling production.

---

[1] We disagree that nationwide discovery should ever be part of the case based on Plaintiff's allegations. Should Your Honor disagree, however, and make a determination that nationwide discovery is relevant to the claims or defenses in this matter, we respectfully request the opportunity to explain why such discovery is overly burdensome and not proportional to the needs of the case.

Honorable Joel Schneider, U.S.M.J.
March 9, 2017
Page 3

Spark is mindful of the deadlines in the Court's Scheduling Order and we intend to diligently move forward with productions. However, it will not be possible to meet Plaintiff's proposed deadline of March 17 to complete its production—which is only next week—but we will work to produce the documents we have agreed to produce as soon as reasonably possible. Spark also notes that Plaintiff did not confer with Spark about the proposed March 17 deadline despite our request for proposed deadlines during the meet and confer process. The first time Spark heard about this proposal was in Plaintiff's February 28, 2017 letter.

As for Plaintiff's arguments regarding the deficiencies in Plaintiff's production—Plaintiff's driver's license and the engagement letter—we do not have much to add to our initial letter of February 28, 2017. We reiterate that we raised the fee agreement because we do not wish to waive the request in the future should a class be certified or attorneys' fees become an issue in this matter. This is not inconsistent with the Court's opinion in *In re Riddell Concussion Reduction Litig.*, Civ. No. 13-7585 (JBS/JS), 2016 WL 7325512 (D.N.J. Jan. 19, 2016) (Schneider, M.J.) (involving request for fee agreements prior to class certification stage and noting circumstances in which they may be produced). We also can obtain background information from Plaintiff himself during his deposition if his drivers' license is not produced.

Should Your Honor have any questions, please do not hesitate to contact me.

Respectfully,

*/s/ Eric R. Fish*

Eric R. Fish

cc:  Counsel of Record (via ECF)