

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

    CHAMBERS OF
   **JOEL SCHNEIDER**
UNITED STATES MAGISTRATE JUDGE

UNITED STATES COURTHOUSE
ONE JOHN F. GERRY PLAZA
Fourth & Cooper Streets, Room 2060
Camden, New Jersey  08101
(856) 757-5446

**LETTER ORDER**
**ELECTRONICALLY FILED**
June 2, 2017

David J. Stanoch, Esquire
Golomb & Honik, P.C.
1515 Market Street
Suite 1100
Philadelphia, Pa 19102

Eric R. Fish, Esquire
Baker Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

    **Re:   Melville v. Spark Energy, Inc., et al.**
          **Civil No. 15-8706 (RBK/JS)**

Dear Counsel:

    Based on plaintiff's May 31, 2017 letter [Doc. No. 43], the Court is dissatisfied with the pace and progress of the parties' document and ESI production. The disputes plaintiff raises should have been raised and resolved at the May 16, 2017 conference. It is unacceptable for plaintiff to state "we are in essentially the same positon as several months (and two Court conferences) ago." Letter Brief at 2.

    The Court is not ascribing blame to any party. The Court suspects defendants will dispute plaintiff's version of events. Nevertheless, the Court reminds defendants that at this stage of the case it is better to be over-inclusive rather than under-inclusive. Later on in the case if plaintiff shows good cause to search additional custodians and search terms, plaintiff's request will be granted. This will be a needless additional expense to defendants.

    Defendants know better than anyone else the appropriate custodians and search terms to use to recover relevant ESI. The Court expects defendants to be forthcoming in this regard.

June 2, 2017
Page 2

Discovery is not a "gotcha" game. Younes v. 7-Eleven, Inc., 312 F.R.D. 692, 708 (D.N.J. 2015). Defendants have an independent duty to produce relevant and responsive discovery even if plaintiff is not fortunate enough to guess or predict the correct custodians or search terms to name. Id. at 709. The Court expects and ORDERS defendants to produce to plaintiff the background information plaintiff needs to identify appropriate custodians. This includes organizational charts, job titles and responsibilities, names of employers, etc. Defendants are also ORDERED to produce to plaintiff by June 9, 2017, a proposed list of custodians and search terms. The list shall include each custodian's job title and responsibility. It is further ORDERED Mr. Kroeker shall be included as a custodian to be searched.

The conference on June 20, 2017 will proceed as scheduled in Courtroom 3C. By June 19, 2017 (noon), the Court ORDERS the parties to submit their final letter briefs listing the discovery issues in dispute. The Court ORDERS the parties to submit their proposed lists of custodians and search terms. If the parties do not agree, the Court will make the final decision on June 20, 2017. Obviously, ESI and hard copy documents have to be searched. Just as obvious, emails, word documents, Power Points, spreadsheets, etc. must also be searched. Boilerplate objections on the grounds of burdensomeness and proportionality without supporting competent evidence will be summarily denied.

Further, the Court made it clear at the recent conference that the scope of discovery is determined by the allegations in plaintiff's amended complaint. Defendants' motion to dismiss does not stay discovery.

All parties are on notice that the Court will not stand for discovery stalling.

Very truly yours,

*s/ Joel Schneider*
JOEL SCHNEIDER
United States Magistrate Judge

JS:jk
cc: Hon. Robert B. Kugler