

1515 Market Street
Suite 1100
Philadelphia, PA  19102
Phone:  215-985-9177
Fax:  215-985-4169
www.golombhonik.com

**David J. Stanoch**
dstanoch@golombhonik.com

June 19, 2017

<u>**VIA CM/ECF**</u>

Honorable Joel Schneider, U.S.M.J.
**UNITED STATES DISTRICT COURT**
 **FOR THE DISTRICT OF NEW JERSEY**
Mitchell H. Cohen Building
 & U.S. Courthouse
4th and Cooper Streets
Camden, NJ 08101

    Re:   *Melville v. Spark Energy, Inc., et al.*,
           Case No. 1:15-cv-08706-RBK-JS (D.N.J.)

Dear Magistrate Judge Schneider:

    We write on behalf of Plaintiff John Melville in the above-referenced action pursuant to Your Honor's Amended Scheduling Order (ECF 42) and Your Honor's June 2, 2017 letter (ECF 44), which directed the parties to submit a letter brief today by noon regarding extant discovery disputes in advance of the June 20 conference.

    Plaintiff's May 31 letter to Your Honor identified three general areas of dispute concerning Spark's discovery efforts: (1) Spark's document custodians, (2) electronic search terms; and (3) the electronic data Spark will produce (e.g., what was the variable rate Spark charged each putative class member, and how much each class member paid Spark for natural gas).  After numerous communications and a final conference call last night, Plaintiff is pleased to report that the parties have reached agreement on Spark's document custodians and search terms.  These two areas no longer require the Court's attention.

    As to the last area, Spark has committed to producing "monthly rate and usage data for customers," but has yet to extract and produce this data.  Plaintiff appreciates Spark's overture, but because Plaintiff has yet to receive the data, Plaintiff is not yet in a position to say whether the forthcoming data is sufficient.  Plaintiff suggests Your Honor set a deadline for Spark to produce this data by June 30 to afford Plaintiff a chance to review the data, meet and confer with Spark, and (as a last resort) seek assistance from the Court prior to the July 31 ESI/document discovery deadline.



HONORABLE JOEL SCHNEIDER, U.S.M.J
RE: MELVILLE V. SPARK ENERGY
NO: 1:15-CV-8706
JUNE 19, 2017
PAGE -2-

    Plaintiff now understands that, in its own forthcoming letter today, Spark may ask this Court to direct Plaintiff to identify with particularity his anticipated damages methodology by which damages will be calculated.  Plaintiff believes this request is procedurally and substantively premature.  First, under the Amended Scheduling Order (ECF 42), the current letter-briefing cycle dating back to May 31 related to Plaintiff's issues with Spark's discovery responses, not vice versa.  Further, Spark never raised this issue in its June 7 letter to this Court, and did not formally raise it with Plaintiff until last week.  Second, and perhaps more importantly, Spark's request is premature because classwide damage calculations likely will be the subject of expert discovery and analysis, which has yet to take place, of the electronic data described above, which Spark has yet to produce.  To the extent Spark may argue it is entitled to know Plaintiff's personal views on his individual damages, (and to the extent that is even pertinent in a class case), Spark already deposed Plaintiff for a full day back in April and asked him many questions about how and why he believes he suffered damages.

Very truly yours,

David J. Stanoch
**GOLOMB & HONIK**

cc:    All Counsel (via CM/ECF only)